The National Life & Accident Insurance Company v. Matthews.

4-5475                     128 S. W. 2d 695

Opinion delivered May 8, 1939.

*Barber & Henry* and *Brewer & Cracraft,* for appellant.

*Hal P. Smith* and *Peter A. Deisch,* for appellee.

HUMPHREYS, J. Appellee, the beneficiary in an insurance policy issued by appellant to her husband, Mitchell Matthews, on his life, of date November 2, 1936, brought suit against appellant in the circuit court of Phillips county, to recover the face of the policy, penalty and attorney's fee. She alleged that her husband died on November 13, 1936, of a cerebral hemorrhage; that she made proof of his death to appellant, but that it denied liability under the policy and refused to pay her. Appellant filed an answer denying liability under the terms of the policy, because insured was not in good health when the policy was issued and delivered. It alleged that the policy contained a condition as follows: ''No obligation is assumed by the company prior to the date hereof. If the insured is not alive or is not in sound health on the date hereof; or if before the date hereof, the insured had been rejected for insurance by this or by any other company, order or association, or, before said date, has had any pulmonary disease, or chronic bronchitis or cancer, or disease of the heart, liver or kidneys, unless such rejection or previous disease is specifically recited in the 'Space for Endorsements' in a waiver signed by the secretary, then, in any such case, the company may, within the contestable period, declare this policy void and the liability of the company shall be limited to the return of premiums paid on the policy.''

It alleged that it tendered the amount of the premiums paid to appellee, which she refused to accept, and that it now tenders said amount into court, and prayed that the complaint be dismissed.

The cause was tried on November 14, 1938, and at the conclusion of the evidence appellant requested an instructed verdict in its favor, which the court refused to give, over its objection, whereupon appellant asked the court to give other instructions, among them Instruction No. 4, which is as follows: ''The policy sued on herein contains a condition, that, if at the time of the delivery of the policy the insured is not in sound health, then the company may declare the policy void within two years from the date of delivery, and the liability of the company will be limited to a return of the premiums paid,

which was $1.44, which has been tendered into court, and so, if, from the evidence, you find that the insured was not in sound health on November 2, 1936, when the policy was delivered, you will find for the defendant regardless of whether the insured knew the condition of his health or not."

The court refused to give requested instruction No. 4 over appellant's objection, but at the request of appellee instructed the jury to return a verdict in her favor for $400, with 6 per cent. interest from November 13, 1936, a 12 per cent. penalty, and an attorney's fee of $100, and costs.

A verdict was returned against appellant for the amounts prayed, and a consequent judgment was rendered thereon for said amounts, from which is this appeal.

The condition of the policy was a warranty that insured was in sound health on the date of the delivery of the policy, else appellant's liability thereunder was limited to the return of the premiums.

Appellant argues that the undisputed proof shows that the insured was not in sound health on the date of the delivery of the policy. In this contention it is mistaken. Much proof was introduced tending to show that the insured was in sound health on the date of the delivery of the policy. This issue of fact was in sharp conflict. This issue should have been submitted to the jury by the court, and the court erred in refusing to do so.

On account of the error indicated the judgment is reversed and the cause is remanded for a new trial.