

*Barber & Henry,* for appellant.

*W. P. Strait,* for appellee.

HOLT, J. This appeal is from a judgment for the
face value of a life insurance policy recovered by ap-
pellee, the beneficiary named in the policy.

The reversal of this judgment is asked upon three
grounds: (a) That the court was without jurisdiction
to render it; (b) The policy was void on account of mis-
representations made by the insured which induced the
issuance of the policy; and (c) That error was com-
mitted in modifying appellant's requested instruction
No. 5.

The first question was raised in a motion to quash
the summons and return thereon. The point made was
that the insured was a resident of Pulaski county, in
which county he died, and that the suit should, therefore,
have been brought in Pulaski county, whereas it was
brought in Conway county, where the application for the
policy was made and where it was delivered.

Section 7675, Pope's Digest, provides that suits of
this character may be maintained "in the county of the

residence of the party whose life was insured, or in the county where the death of such party occurred."

It is undisputed that the insured died in Pulaski county, but there was a question of fact as to whether that county or Conway county was the county of his residence. The court found, upon testimony sufficient to support that finding, that the insured was a resident of Conway county, although absent therefrom at the time of his death, and upon this finding overruled the motion to dismiss. The testimony supports that finding.

The policy sued on was issued February 28, 1938, and the testimony is sharply conflicting as to the state of the insured's health at that time. The testimony on the part of the defendant insurance company was to the effect that the insured was then and for several years prior thereto had been an invalid. The testimony on the part of the plaintiff was to the effect that the insured was in apparent good health, that he had never consulted a physician for fifteen years, and that he did manual labor whenever he found employment.

Without reciting this conflicting testimony, it may be said that it is legally sufficient to support a finding either way upon the question of the insured's health at the time of the issuance of the policy. The certificate of the soliciting agent contains the recital that "I recommend the person proposed to be insured for insurance." The agent later personally delivered the policy, at which time he again had the opportunity to observe the apparent condition of the insured before delivering the policy.

The policy was for only $300, and was of a kind known as a non-medical policy, that is, it required no medical examination. The premiums of 33 cents were payable weekly, and were all fully paid when the insured died.

The policy appears to be very similar to the one sued on in the case of *National Life & Accident Insurance Co.* v. *Matthews,* 198 Ark. 277, 128 S. W. 2d 695. The appellant here was the appellant there. There was a de-

feasance clause in the policy sued on herein not essentially different from the one set out in the Matthews case, *supra*. The one herein provides that "No obligation is assumed by the company prior to the date hereof. Except as elsewhere herein provided, if the insured is not alive or is not in sound health on the date hereof; . . . then, in any such case the company's full liability shall be discharged by the payment of the sum of the premiums received hereunder."

In the Matthews case, as in this, the testimony was conflicting as to whether the insured was in sound health on the date of the delivery of the policy, and in that case the defendant insurance company requested an instruction to the effect that if, at the time of the delivery of the policy, the insured was not in sound health, the company had the right, within two years, from the date of the delivery of the policy, to return the premiums received in discharge of its liability. The court refused this instruction, but, on the contrary, directed the jury to return a verdict for the plaintiff beneficiary.

This was held to be error, for the reason that "The condition of the policy was a warranty that insured was in sound health on the date of the delivery of the policy, else appellant's liability thereunder was limited to the return of the premiums."

For the refusal to give the requested instruction the judgment in the Matthews case was reversed and the cause remanded for a new trial.

Here, the defendant insurance company requested an instruction numbered 5 reading as follows: "The court instructs the jury that the plaintiff, Bertha Young, as beneficiary, named in a certain policy of insurance issued by defendant, sues for recovery of the amount of said policy, and the defendant defends on the ground that the policy is voided by an incorrect answer of the assured to one of the questions in the application, and on the further ground that the insured was not in sound health at the time the policy was delivered. The application of the deceased for the policy reflects that the answers to Question 21 'Are you in good health?' was

'Yes,' and the defendant alleges this answer was false and incorrect, and that the assured at the time of signing the application, and at the time the policy was delivered, was in bad health, and that the assured knew, (or should have known), at the time of signing the application and delivery of the policy that he was in bad health, and that his representations to the defendant were willfully and knowingly made, with the intent to deceive and defraud the defendant.

"If you find from a preponderance of the evidence that the assured at the time of signing the application and delivery of the policy was in bad health, and that the answer to question No. 21 was made by him knowing that he was in bad health, or from the evidence submitted herein you find that he knew (or should have known) that he was in bad health, your verdict will be for the defendant."

The instruction was given after striking out the phrase, "(or should have known)," twice appearing within the parentheses which we have inserted to show the modification made.

It is insisted that it was error to thus modify the instruction, for the reason that, if the statements of the insured, contained in his application, constituted a warranty as to the condition of his health at the time of the delivery of the policy, it was immaterial whether he knew the condition of his health or not. This is true, but the instruction goes further and requires the insured to know the condition of his health. It was, we think, misleading to impose that condition.

The court had given an instruction numbered 3 reading as follows: "The court instructs the jury that if you find from the evidence that the assured, Man or Ernest Young, was not in good health upon the 28th day of February, 1938, then your verdict shall be for the defendant."

Instruction No. 5, with the phrase, "(or should have known)," deleted, directed the jury to find for the defendant if the insured knew he was in bad health. The thought apparently in mind in asking this instruction

was to declare the statements as to the insured's health to be warranties if he knew "or should have known" that he was not in good health, whereas in the opinion in the Matthews case they were in fact warranties, and their character as such was not dependent upon the question whether the insured knew, "or should have known," that he was not in good health.

The jury was told, in language that could not be mistaken, in instruction No. 3, above copied, that there could be no recovery unless the insured was in good health on February 28, 1938, when the policy was delivered. There was no necessity to amplify that declaration of law. Instruction No. 5, as requested, might have created the impression that as applicants for insurance are ordinarily examined by a physician before policies of insurance are issued, applicant should have had such an examination, whereas the policy imposed no such requirement.

This instruction No. 5 might have been refused for the reason that it contains a charge upon the facts, which trial courts are forbidden to make, but if that defect were ignored the portion remaining would have added nothing to the law as declared in instruction No. 3.

Upon the whole case, we find no error, and the judgment must be affirmed, and it is so ordered.

